**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | NO. 2:13-CR-59 |
| ) | (2:16-CV-311) |
| BRIAN WASHINGTON, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Brian Washington on July 1, 2016 (DE #50). For the reasons set forth below, the motion is **DENIED.**

BACKGROUND

On May 1, 2013, Washington was charged in a six count indictment with both possessing and distributing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), two counts of possessing firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), and two counts of dealing in firearms without a license in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). He pled guilty to Count One (distribution of cocaine base) and Count Two (possessing a firearm

in furtherance of a drug trafficking crime) and was sentenced to 63 months of incarceration on Count One and 60 months of incarceration on Count Two.

Washington did not file a direct appeal, but on February 9, 2015, he filed a motion requesting a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) as a result of Amendment 782 to the United States Sentencing Guidelines. On July 13, 2015, this Court reduced Washington's sentence on Count One to 60 months. His sentence on Count Two was unaffected by Amendment 782.

Approximately one year later, Washington filed the instant motion seeking a further reduction in his sentence under *Johnson v. United States*, ___ U.S. ____, 135 S. Ct. 2551 (June 26, 2015). The Government filed its response brief on July 26, 2016. Washington did not file a reply brief. Accordingly, the motion is ripe for adjudication.

DISCUSSION

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject

to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.*; *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir.

3

1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Washington's claims with these guidelines in mind.

In *Johnson*, the Supreme Court of the United States analyzed whether the residual clause of the Armed Career Criminal Act ("ACCA") is void for vagueness. *Johnson v. United States*, 135 S. Ct. 2551 (2015). As Justice Scalia noted:

> Under the Armed Career Criminal Act of 1984, a defendant convicted of being a felon in

4

> possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §924(e)(2)(B). We must decide whether this part of the definition of a violent felony survives the Constitution's prohibition of vague criminal laws.

*Id.* at 2555. Ultimately, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563. It therefore overruled its prior decision in *Sykes v. United States*, 131 S. Ct. 2267 (2011), and held that the residual clause of the definition of violent felony in the ACCA was unconstitutionally vague. *Johnson,* 135 S. Ct. at 2563. The *Johnson* decision is retroactive on both direct appeal and collateral review. *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015).

The ACCA applies when a defendant has three convictions that constitute a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). Washington was not sentenced under the ACCA. Rather, he was sentenced under 18 U.S.C. 924(c). The Seventh Circuit Court of Appeals, however, has determined that the holding in *Johnson* extends to the definition of "crime of violence" found in 18 U.S.C. § 924(c). *See United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2017)("Accordingly, we hold that the residual clause in 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague.").

Unfortunately for Washington, he still cannot benefit from the *Johnson* decision. Washington's sentence is the result of being charged with possession of a weapon during a drug trafficking crime, not committing a crime of violence while possessing a weapon. Because Washington's sentence is not based on the definition of crime of violence, the holding in *Johnson* is inapplicable. Since *Johnson* is inapplicable to Washington, it does not permit him to bring a motion under section 2255 that would otherwise be untimely. *See Stanley v. United States*, 827 F.3d 562, (7th Cir. 2016)(When a defendant's "conviction is unaffected by *Johnson*, 2255(f)(3) does not grant [the defendant] a fresh window to file a collateral attack.").

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further." *Slack v. McDaniel*, 529 U.S. 473, 475 (U.S. 2000) (internal quotation marks and citation omitted). Washington has not stated any grounds for relief under section 2255. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

CONCLUSION

For the reasons set forth above, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (DE #57) are **DENIED.** The Clerk is **ORDERED** to **DISMISS** this civil action **WITH PREJUDICE**. Additionally, the Court **DECLINES** to issue a certificate of appealability. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Inmate Reg. No. 12735-027), Lexington FMC - Federal Medical Center - Inmate Mail/Parcels, P.C. Box 14500, Lexington, KY 40512, or to such other more current address that may be on file for the Washington.

**DATED: August 4, 2017**  /s/ RUDY LOZANO, Judge
                           **United States District Court**